UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND CARPENTERS PENSION FUND, Through their Trustees, and DONALD LAVIN, in his official capacity as Co-Administrator of the Fund, *Plaintiffs*, | CA 06 460S |
| v. | C.A. No. |
| TOWER CONSTRUCTION CORP. *Defendant*. | |

# COMPLAINT

## Introduction

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of its withdrawal from the Rhode Island Carpenters Pension Fund. The action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 et. seq.

## Parties and Jurisdiction

2. Plaintiff Rhode Island Carpenters Pension Fund ("Pension Fund") is a multi-employer pension plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

3. Plaintiff Trustees ("Trustees") are the present trustees and fiduciaries of the Pension Fund.

4. Plaintiff Donald Lavin is Co-Administrator of the Pension Fund. The Pension Fund's office is located in Warwick, Rhode Island.

5. Pursuant to ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purposes of collecting withdrawal liability.

6. Defendant Tower Construction Corp. ("Tower") is a corporation organized under the laws of the State of Rhode Island, having its principal place of business in Cranston, RI. Defendant has the requisite minimum contacts with the State of Rhode Island.

7. Jurisdiction is rested upon ERISA, 29 U.S.C. §§ 1132(e), (f) and 1451(c).

**Facts and Claim for Relief**

8. Tower was subject to a collective bargaining agreement executed between itself and the Rhode Island Carpenters Local Union 94 ("Local 94") under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

9. Tower is an "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

10. The Pension Fund determined that, on or about June 6, 2005, Tower effected a "complete withdrawal" from the Pension Fund within the meaning of ERISA, 29 U.S.C. § 1383.

11. As a result of this complete withdrawal, Tower incurred withdrawal liability to the Pension Fund in the amount of $206,772, as determined under ERISA, 29 U.S.C. § 1381(b).

12. On or about April 12, 2006, Tower received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with ERISA,

29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice forewarned Tower of the consequences of its failure to pay such liability.

13. On April 18, 2006, Tower, through its attorney, Joseph Reale, Jr., requested that the Fund provide information regarding the assessed withdrawal liability.

14. On April 28, 2006, the Pension Fund, through its co-administrator, Donald Lavin, informed Attorney Reale of the basis for withdrawal liability.

15. Tower did not timely initiate arbitration pursuant to ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to ERISA, 29 U.S.C. § 1401(b)(1).

16. Tower has failed to make the withdrawal liability payments to the Pension Fund and is in default within the meaning of ERISA, 29 U.S.C. § 1399(c)(5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment against Defendant, and on behalf of Plaintiffs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2), for –

(i) $206,772 in withdrawal liability principal;

(ii) pre-judgment interest on the entire amount of the withdrawal liability assessment computed and charged in accordance with the Pension Fund's Trust Agreement;

(iii) an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability;

(iv) attorneys' fees and costs; and

(v) post-judgment interest computed and charged in accordance with the Pension Fund's Trust Agreement;

(b) That this Court retain jurisdiction of this cause and of the parties hereto pending compliance with its orders; and

(c) For such other relief as the Court deems just and proper.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorney,

Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., St. C
North Kingstown, RI 02852
Tel. (401) 294-4700
Fax (401) 294-4702